IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**CHRISTELLA BRIDGEFORTH**                                         **PLAINTIFF**

v.                                       No. 3:17-CV-00247-JTK

**NANCY A. BERRYHILL,**
**Deputy Commissioner for Operations,**
**performing the duties and functions**
**not reserved to the Commissioner of**
**Social Security**                                                 **DEFENDANT**

## ORDER AFFIRMING THE COMMISSIONER

Christella Bridgeforth applied for disabled widow's benefits with an alleged disability onset date of April 1, 2008. (R. at 76). The onset date was later amended to July 26, 2012, the date of her husband's death. (R. at 135). The administrative law judge (ALJ) denied benefits after a hearing. (R. at 144). The Appeals Council granted Bridgeforth's request for review and remanded the case. (R. at 154–55). At the second hearing, Bridgeforth amended her onset date again to April 1, 2014. (R. at 54–55). The ALJ again denied benefits. (R. at 29). The Appeals Council denied Bridgeforth's request for review. (R. at 1). The ALJ's decision stands as the Commissioner's final decision, and Bridgeforth has requested judicial review. The parties have consented to the jurisdiction of the Magistrate Judge.

For the reasons stated below, this Court affirms the ALJ's decision.

I.     **The Commissioner's Decision**

The ALJ found that Bridgeforth had the severe impairments of liver disease and substance abuse disorder. (R. at 23). The ALJ then found that Bridgeforth had the residual functional capacity to perform light work except that she could lift and/or carry twenty pounds occasionally and ten pounds frequently; stand and/or walk with normal

1

breaks for six hours in an eight-hour workday; sit with normal breaks for six hours in an eight-hour workday; push and/or pull with the same limits as for lift and/or carry; occasionally climb ramps, stairs, ladders, ropes, and scaffolds; and occasionally balance, stoop, kneel, crouch, and crawl. (R. at 25–26). The ALJ found that the RFC would allow Bridgeforth to perform her past relevant work as a carding-machine operator. (R. at 28). The ALJ therefore held that Bridgeforth was not disabled. (R. at 28–29).

## II. Discussion

Bridgeforth argues that the ALJ failed to fully and fairly develop the record and failed to call a vocational expert (VE) at the hearing. These arguments fail for the reasons stated below.

This Court will affirm the ALJ's decision if it is supported by "substantial evidence in the record as a whole," which is more than a scintilla but less than a preponderance. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). Even if it is possible to draw two inconsistent positions from the evidence, the Court must affirm if one of those positions represents the ALJ's findings. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015).

### a. Development of the Record

Bridgeforth contends that the ALJ failed to fully and fairly develop the record, as the medical records show diagnoses of additional impairments not identified by the ALJ, and that a consultative examination should have been ordered where there were no treatment records after the amended alleged onset date.

The ALJ has a duty to fully and fairly develop the record, but this duty does not require the ALJ to act as substitute counsel for the claimant. *Whitman v. Colvin*, 762 F.3d 701, 707 (8th Cir. 2014). In this case, the ALJ correctly observed that there are no

2

treatment records for Bridgeforth after the amended alleged onset date of April 1, 2014 but for a single office visit on April 2, 2014. (R. at 24, 866–68). At the hearing, Bridgeforth's counsel stated that there were no outstanding treatment records. (R. at 43). Bridgeforth also never requested a consultative examination. The ALJ's duty to develop the record does not require that the ALJ engage in a possibly fruitless fishing expedition.

The latest hearing in this case occurred on April 6, 2016. (R. at 37). At that time, Bridgeforth had not been treated in over two years for any of her conditions. Such failure to seek treatment contradicts claims of disability. *Milam v. Colvin*, 794 F.3d 978, 985 (8th Cir. 2015). Bridgeforth has not offered any explanation for this lack of treatment. The ALJ considered all the evidence of record, including a 2012 consultative examination as directed by the Appeals Council. (R. at 27). There is no evidence of significant limitations assigned by treating physicians. The Court cannot hold that the ALJ failed to develop the record where the record is practically devoid of evidence of medical treatment of limitations due to Bridgeforth's impairments after the alleged onset date.

### b. Vocational Expert Testimony

For her second argument, Bridgeforth maintains that the ALJ was required to call a VE to testify at the hearing. Bridgeforth seems to also argue in this point that the ALJ did not include sufficient limitations in the RFC to account for all of her impairments. However, as noted above, Bridgeforth failed to provide evidence that she has sought medical treatment since April 2, 2014 or any evidence of limitations arising from her impairments during that time. As such, the Court will not disturb the ALJ's findings concerning the appropriate limitations to include in the RFC.

As for the contention that the ALJ was required to call a VE, this argument must also fail. As the Commissioner correctly observes, this case was decided at step four of the evaluative process, and the ALJ found Bridgeforth capable of returning to past relevant work. (R. at 28). The Eighth Circuit has been clear that VE testimony is not required at step four, as the burden remains on the claimant to prove that he or she cannot perform any past relevant work. *Banks v. Massanari*, 258 F.3d 820, 827 (8th Cir. 2001). Such testimony is only required at step five if the claimant has nonexertional impairments such that the Medical-Vocational Rules cannot be applied. *Id.* As this case was decided at step four, no VE testimony was required, and the ALJ did not err.

### III.   Conclusion

A reasonable mind would find that the evidence is adequate to support the ALJ's decision. The ALJ did not fail to fully and fairly develop the record where Bridgeforth failed to provide any significant evidence of treatment or limitations during the relevant period. As the case was decided at step four, no VE testimony was required, and the ALJ's conclusions are supported by substantial evidence on the record as a whole. The decision of the ALJ is hereby affirmed.

It is so ordered this 10th day of December, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE